**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JAMAL AMIN WILLIAMS,** *et al.,* : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : No. 5:20-cv-00132-MTT-MSH <br> **HENRY COUNTY JAIL,** : <br> : <br> **Defendant.** : <br> _____: | |

# ORDER

Plaintiff Jamal Amin Williams has filed a handwritten document, which has been docketed as a complaint seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff Williams purports to bring this complaint on behalf of the inmates in the Henry County Jail in McDonough, Georgia. *See id.* None of the purported plaintiffs has either paid the $400.00 filing fee for a civil action or moved to proceed *in forma pauperis*. Insofar as no filing fee has been paid, it appears that the plaintiffs intended to proceed *in forma pauperis*.

As an initial matter, it appears that venue in this district is improper. The relevant venue provisions state that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2).

According to the allegations in the complaint, no events giving rise to this suit occurred in the Middle District of Georgia; nor does Plaintiff identify the residence of any

named Defendant as being in the Middle District of Georgia.  *See* Compl., ECF No. 1. Instead, it appears from the allegations in the complaint that the "events or omissions giving rise to the claim[s]" occurred in Henry County, Georgia.  *See id.* at 4-5.  Henry County is in the Northern District of Georgia.  It thus appears that the Northern District of Georgia is a proper venue for this cause of action, not the Middle District.

Under 28 U.S.C. § 1406(a), a court may, in the interest of justice, transfer a case to the court in which venue would be proper.  Here, however, the circumstances do not support the conclusion that it would be in the interest of justice to transfer this case.

In particular, the Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for the Court's filing fee.  28 U.S.C. § 1915(b).  Additionally, the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee.  Instead, each prisoner must file his own lawsuit and pay the full filing fee.  *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee").  As the Eleventh Circuit noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits.  *Id.* at 1197-98.

Plaintiffs are therefore not permitted to proceed in an action together *in forma pauperis*.  As it does not appear that Plaintiffs' claims would be barred by the applicable

2

statutes of limitations if they are required to refile their claims, the complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety. Each Plaintiff, including Williams, may file a <u>separate</u> complaint, in which he asserts only claims personal to him, if he chooses to do so. As noted above, any such cases should be filed in the Northern District of Georgia where the events giving rise to the complaint occurred and where the potential defendants are located. Each Plaintiff should also either pay the filing fee or submit a proper motion to proceed *in forma pauperis*.

Further, to the extent that Plaintiff Williams seeks to bring these claims as a class action, a *pro se* plaintiff may not represent the interest of other prisoners. *See, e.g.*, *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents a *pro se* Plaintiff, like Plaintiff Williams, from representing some or all of the other inmates who are attempting to proceed in this case. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of a prisoner's complaint that sought relief on behalf of the prisoner's fellow inmates).[1]

Thus, for the reasons previously stated, this action is dismissed in its entirety without prejudice.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**SO ORDERED**, this 22nd day of April, 2020.

                                               S/ Marc T. Treadwell
                                               MARC T. TREADWELL, JUDGE
                                               UNITED STATES DISTRICT COURT